FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 APR -7  P 12:09

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL 17, DAWN E. ALLEN, et al | CIVIL ACTION |
| versus | NO. 90-4389<br>c/w 91-0857<br>and 91-0858 |
| THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF HEALTH AND HOSPITALS | SECTION: E/4 |

## ORDER

Plaintiff's counsel contacted the Court, via the attached letter, advising that, in light of **Davis v. Food Lion, 792 F.2d 1274 (4th Cir. 1986),** plaintiff wished to present the additional testimony of Winton Vidrine. Both plaintiff and defense counsel agreed that the testimony would be taken during a deposition and that the transcript of the deposition, as well as post-trial briefs, would be submitted. Plaintiff's counsel Gilbert Buras, Jr., notified the Court this date that the deposition of Winton Vidrine was scheduled on April 25, 2000, and that additional time after the deposition would be needed to obtain the transcript and prepare the briefs. Plaintiff's counsel requested 60 days following the deposition.

Accordingly, post-trial briefs, and the transcript of Winton Vidrine, shall be submitted on or before June 26, 2000. The trial shall not be considered submitted for statistical purposes until receipt of the

1

DATE OF ENTRY
APR 10 2000

Fee____
Process____
X /Dktd CA
CtRmDep____
Doc.No. 162

transcript and the briefs.

New Orleans, Louisiana, April 7, 2000.

*(signature)*
MARCEL LIVAUDAIS, JR.
United States District Judge

# GILBERT R. BURAS, JR.
**Attorney at Law**
Suite 2800, One Canal Place
365 Canal Street
New Orleans, Louisiana 70130
Telephone (504) 524-5297
Fax (504) 586-8451

*VIA FAX TRANSMISSION*

March 2, 2000

Ms. Carol Michel
Law Clerk, Section "E"
United States District Court
Eastern District of Louisiana
500 Camp Street
New Orleans, LA 70130

      Re:    AFSCME v. State of Louisiana
               USDC EDLA, Civil Action No. 90-4389

Dear Ms. Michel:

The plaintiff has considered, and accepts, the extension of the Court's magnanimous offer to avail himself of the opportunity to present additional testimony in light of Davis v. Food Lion, 792 F.2d 1274 (4th Cir., 1986).

The plaintiff must note that this acceptance is based not on an appreciation that he has failed to present the essential elements of his case, (the Court having ruled from the bench on the day of trial that he had prevailed on the issue of liability), but on a common sense appreciation that any litigant afforded another opportunity to bolster his case would be foolish not to avail himself of that opportunity.

The plaintiff was aware of the Davis case prior to presenting his evidence. He does not wish to present testimony that is merely cumulative or redundant or to further delay this already seemingly interminable litigation.

It is the State that has seized upon Davis in yet another of its endlessly inventive defenses. In hope of tailoring the future proceeding to the defense issue presented, the plaintiff offers the following observations.

Davis presents a case in which an employee had been 1) specifically told by his employer that he could not earn overtime, and 2) counseled repeatedly not to accrue overtime hours and, in one instance, been reprimanded for doing so.

Ms. Carol Michel
March 2, 2000
Page 2

As the plaintiff in this case appreciates the State's reliance upon <u>Davis</u>, it is the State's position that because Rhodes did not present his supervisors with a running balance of the overtime work he was doing until years after the accrual, the State was unaware of the *amount* of overtime being accrued by Rhodes in the course of his undercover activities and cannot, therefore, be charged with actual or constructive knowledge of the overtime worked. Therefore, runs the State's logic, it cannot have acceded to Rhodes earning *any* overtime in contravention of its "official" policy. The State's point, it appears, is really this: "We were never presented with the <u>opportunity</u> to stop him once the accrual reached a certain point, and we <u>would</u> have stopped him had we known about it."

Rhodes' rejoinder to this argument is, and continues to be, that he worked side-by-side with his immediate supervisor, Lt. Matherne, who was aware of and admits to the overtime worked during the undercover activities, that he was working according to an "honor" system[1] articulated by Matherne's supervisor, Maj. Candies, and that he was never told to report the OT on an ongoing basis, just to "keep track" of it. The <u>assumption</u> by Maj. Candies and Lt. Matherne was that Rhodes was "catching up" his overtime hours whenever his time sheets stated he was in New Iberia. As Maj. Candies stated: "[T]here's no doubt in my mind that Dusty Rhodes worked overtime..." (Transcript Nov. 8, P. 91, 2.3).

The plaintiff, therefore, appreciates the focus of the upcoming hearing to be one in which evidence is presented regarding the reasonableness of the State's proffered defense.

The plaintiff asks the Court's indulgence in setting a date for a new hearing to permit him adequate time to take the deposition of Winton Vidrine and to subpoena the records of the Department of Wildlife & Fisheries in connection with what we pray is the final hearing in this case.

Respectfully Submitted,

Gilbert R. Buras, Jr.

cc:   W. Brian Babin
      James D. Rhodes

---

[1] This "honor" system, it appears, had two legal predicates: 1) Violate the FLSA on an ongoing basis by having the employee work overtime for no pay, and 2) Compensate the employee for the overtime work by encouraging him to commit public payroll fraud in later work periods by having him submit 80-hour pay records for time spent sitting in New Iberia doing nothing.